# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UMF CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-9156 |
| | ) | |
| NORWEX USA, INC., and NORWEX | ) | |
| ENVIRO PRODUCTS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### The Parties

1.      Plaintiff, UMF Corporation ("UMF"), is an Illinois corporation with its principal place of business in Skokie, Illinois.

2.      Defendant NORWEX USA, Inc. ("Norwex USA") is a Texas corporation with its principal place of business in Texas.

3.      Defendant NORWEX ENVIRO PRODUCTS, INC. ("Norwex Enviro") is a Canadian corporation with its principal place of business in Dauphin, Manitoba, Canada.

4.      Sweports Limited ("Sweports") is the assignee of United States Pat. No. 6, 258, 455 B1 entitled "Antimicrobial Ultra-Microfiber Cloth" issued July 10, 2001 (the "455 Patent").

5.      Pursuant to a written license agreement with Sweports, UMF is the exclusive licensee of the 455 Patent in connection with any and all woven and knitted textile products combining antimicrobial technologies or chemistry with micro-dernier fibers.

6.      Through this complaint, UMF seeks to recover damages from Norwex USA and Norwex Enviro (collectively "Norwex") arising from Norwex's infringement of the 455 Patent. In particular, Norwex has infringed the 455 Patent through its advertising, marketing, sales and

distribution of products incorporating the invention encompassed in the 455 Patent. Additionally, through this action, UMF seeks injunctive relief to enjoin Norwex's infringement of the 455 Patent.

### Jurisdiction and Venue

7.      The claims presented in this complaint arise under the patent laws of the United States, and subject matter jurisdiction is proper in this Court under 28 U.S.C. §§1331 and 1338 as this action is predicated on a federal question involving patents.

8.      Norwex directly and regularly solicits and conducts business within the Northern District of Illinois, and it derives revenue from business transacted within this judicial district relating to the marketing, distribution and sale of products infringing the 455 Patent.

9.      In particular, Norwex markets a variety of cleaning products incorporating the invention encompassed by the 455 Patent for sale on the Norwex's website.  Through its website, Norwex connects customers for products infringing the 455 Patent, with sales representatives located within the Northern District of Illinois through which individuals can purchase Products infringing UMF's exclusive rights associated with the 455 Patent.

10.      Norwex sells the products infringing UMF's exclusive rights associated with the 455 Patent through Norwex's website and through sales representatives in the Northern District of Illinois that Norwex identifies to customers on inquiry through the Norwex website.

11.      Attached as **Exhibit 1** is a list of five Norwex sales representatives who marketing and sell the products infringing UMF's exclusive rights associated with the 455 Patent on behalf of Norwex within the Northern District of Illinois.  These Norwex sales representatives were identified upon inquiry to the Norwex Website for its sales representatives in the vicinity of United States Zip Code 60654 as of November 12, 2012.

12.     Additionally, the Norwex sales representatives sell products infringing UMF's exclusive rights associated with the 455 Patent through sales events conducted at private homes (the "Parties") within this judicial district and have sold the products infringing UMF's exclusive rights associated with the 455 Patent at Parties conducted within this judicial district.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(b).

## The Claims

13.     UMF is in the business of developing and marketing high performance textiles for the commercial cleaning and infection control markets.

14.     Sweports, Ltd. is the owner of the 455 Patent.

15.     On October 24, 2000, Sweports entered into a written licensing agreement with UMF pursuant to which UMF is the exclusive licensee of the 455 Patent in connection with any and all woven and knitted textile products combining antimicrobial technologies or chemistry with micro-dernier fibers.

16.     Pursuant to the terms of its exclusive licensing agreement, UMF sells and distributes antimicrobial cleaning products incorporating the 455 Patent throughout the United States under the trade name PerfectClean®.

17.     Norwex advertises, sells, and distributes a variety of other microfiber cloth products infused with an antimicrobial agent (referred to collectively as the "Infringing Products").

18.     At all times material to this action, Norwex has advertised, marketed, distributed, and sold products under the trade name "Antibac Enviro Cloth" through its website and through parties conducted by Norwex sales representatives.  Norwex's 2012 product Catalog, a document distributed by Norwex sales representatives in the Northern District of Illinois, describes the so-

called "antibac" microfiber cloth claiming that the microfiber cloth is infused with silver as an antibacterial agent. A copy of Norwex's 2012 catalog is attached as **Exhibit 2**.

19.     A wide variety of Infringing Products are identified in the 2012 Norwex Catalog including the "enviro cloth," the "dusting mitt," the "envirotowel," the "travel pack," the "wet mop pad," the "tea towel set," the "bathroom scrub mitt," the "sport towel," the "kids cloth," the "small wet mop," the "baby hooded towel set," and the "kids towel."

20.     Norwex expressly claims that intertwined in the microfibers of its Infringing Products are silver ions that kill the bacteria that the cloth picks up when used to wipe hard surfaces.  Consequently, the Infringing Products advertised, marketed, distributed and sold by Norwex incorporates the patented invention encompassed by the 455 Patent.

21.     Norwex is not a licensee of the 455 Patent.

22.     Nonetheless, the Infringing Products advertised, marketed, distributed, and sold by Norwex incorporate the 455 Patent.

23.     During the period encompassing the six years prior to the filing of this complaint, Norwex has sold, advertised, marketed, and distributed the Infringing Product, in this judicial district as well as elsewhere in the United States, unlawfully and willfully without license or the consent of Sweports or UMF.

24.     At all times material to this action, UMF has advertised, marketed, distributed, and sold products incorporating the 455 Patent extensively and enjoyed commercial success through its efforts and investment.

25.     UMF has complied with the statutory requirement of providing notice of the 455 Patent.

26.     Upon receipt of UMF's initial correspondence cease and desist letter concerning Norwex's infringement in November 2011, Norwex responded by asserting that it required time to evaluate UMF's claim if infringement.

27.     Norwex subsequently filed suit against Sweports and UMF in the United States District Court for the Northern District of Texas seeking declaratory relief.  That action was subsequently transferred to the Northern District of Illinois in response to a motion to transfer venue filed by Sweports and UMF.  Norwex dismissed that action after an involuntary bankruptcy filed against Sweports resulted in Norwex's action being stayed.

28.     Norwex has declined UMF's requests that it cease and desist from the advertisement, marketing, distribution and sale of the Infringing Products.

29.     Norwex continues to advertise, market, distribute, and sell the Infringing Products through its own website and through distributors and through its Norwex sales representatives in the Northern District of Illinois and throughout the United States.

30.     Under these circumstances, it is clear that Norwex will continue its infringement unless enjoined by this Court.

31.     UMF has suffered great damage as a consequence of Norwex's infringement.

32.     Norwex's advertising, marketing, distribution, and sales of the Infringing Products will cause irreparable harm to UMF including through the consumer confusion that will continue to result from customers who will confuse Norwex's product incorporating the 455 Patent with UMF's high quality product which lawfully incorporates the 455 Patent.

33.     Norwex's ongoing infringement of the 455 Patent even after receiving UMF's cease and desist correspondence in November 2011 and subsequent demands has been knowing, deliberate, intentional, and willful.

WHEREFORE, Plaintiff UMF asks that judgment be entered in its favor and against Defendants Norwex Enviro and Norwex USA as follows:

(1)     that Norwex Enviro and Norwex USA be preliminarily and permanently enjoined from the advertising, marketing, distribution, and sale of products incorporating the 455 Patent;

(2)     that Norwex Enviro and Norwex USA provide an accounting of its sales of products incorporating the 455 Patent;

(3)     that UMF be awarded damages arising from Norwex Enviro's and Norwex USA's advertising, marketing, distribution, and sale of infringing products as well as prejudgment and post-judgment interest on those damages;

(4)     that UMF be awarded enhanced damages as a consequence of Norwex Enviro's and Norwex USA's intentional and willful infringement; and

(5)     that UMF be awarded its attorney's fees and costs as well as such other relief as this Court deems just.

Plaintiff demands a jury.

Dated: November 14, 2012                    Respectfully submitted,

                                            */s/ David B. Goodman*
                                            David B. Goodman (#6201242)
                                            Carrie E. Davenport (#6289322)
                                            SHAW FISHMAN GLANTZ & TOWBIN LLC
                                            321 North Clark Street, Suite 800
                                            Chicago, Illinois 60654
                                            Telephone: (312) 541-0151
                                            Facsimile: (312) 980-3888
                                            dgoodman@shawgussis.com
                                            cdavenport@shawgussis.com

                                            *Counsel for Plaintiff, UMF Corporation*
                                            10257-003/A0333209.DOC

6